UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| ANTHONY RASH,<br><br>Plaintiff,<br><br>v.<br><br>HAMBLEN COUNTY JAIL,<br>GUARDS, and MEDICAL STAFF,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:26-CV-614-TAV-JEM |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, an inmate of the Bland Correctional Center in Virginia, filed a pro se complaint for relief under 42 U.S.C. § 1983 alleging that his son died in the Hamblen County Jail due to an "obvious . . . lack of medical treatment" [Doc. 2], a motion for leave to proceed *in forma pauperis* [Doc. 1], and a motion to appoint counsel [Doc. 3]. For the reasons set forth below, the motion for leave to proceed *in forma pauperis* [Doc. 1] will be **GRANTED**, the motion to appoint counsel [Doc. 3] will be **DENIED**, and this action will be **DISMISSED** because the complaint fails to state a claim upon which relief may be granted under § 1983.

## I. FILING FEE

As Plaintiff cannot pay the filing fee upfront, his motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**. Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account **SHALL** submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee, 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average

monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred and fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1914(a), 1915(b)(2).

To ensure compliance with this fee collection procedure, the Clerk is **DIRECTED** to provide a copy of this memorandum opinion and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. COUNSEL

As set forth above, Plaintiff filed a motion to appoint counsel [Doc. 3]. Appointment of counsel in a civil proceeding is not a constitutional right, but a privilege justified only in exceptional circumstances. *Lavado v. Keohane*, 992 F. 2d 601, 605–06 (6th Cir. 1993). The Court has discretion to appoint counsel for an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). In exercising that discretion, the district court should consider the nature of the case, whether the issues are legally or factually complex, and the plaintiff's ability to present his claims. *Lavado*, 992 F.2d at 605–06.

As to the first two factors, Plaintiff seeks relief under §1983 for an alleged denial of medical care, which is a typical prisoner claim that is not complex. As to the third factor, it is apparent from his filings that Plaintiff can adequately present this claim.

Accordingly, Plaintiff's motion to appoint counsel [Doc. 3] is **DENIED**.

## III. COMPLAINT SCREENING

### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim and allegations that do not raise a plaintiff's right to relief "above a speculative level" fail to state a plausible claim. *Id.* at 681; *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se

pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim under 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

**B. Allegations**

After Plaintiff's son was booked into the Hamblen County Jail, the son called home, complained to his mother that he was sick, and asked for help [Doc. 2, pp. 3–4]. But, according to Plaintiff, his son was "obviously denied treatment" and therefore died due to "lack of air," which the autopsy called a pulmonary obstruction [*Id.* at 4]. But Plaintiff "think[s] it's obvious it was lack of medical treatment and could have been avoided," and therefore asserts that a "lack of medical help" and the failure of a guard to intervene led to his son's death [*Id.*].

Plaintiff has sued the Hamblen County Jail, Guards, and Medical Staff [*Id.* at 1]. He seeks monetary relief [*Id.* at 5].

**C. Analysis**

First, Plaintiff lacks standing to assert his own claims for relief based on alleged violations of his son's constitutional rights. *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989) (holding that "a prisoner who initiates a civil action challenging certain conditions at a prison facility in his individual capacity is limited to asserting alleged violations of his own constitutional rights and . . . lacks standing to assert the constitutional rights of other prisoners"). Additionally, to the extent that Plaintiff seeks to assert claims on behalf of his son's estate, he has not filed or stated that he is in possession of the "letters of

administration or letters testamentary" that would allow him to proceed herein on behalf of his son's estate under Tennessee law. Tenn. Code Ann. § 30-1-101. Thus, it appears that the complaint is subject to dismissal on these grounds.

Additionally, however, the Court notes that the Hamblen County Jail, "Guards," and "Medical Staff" are departments and subdepartments of Hamblen County that are not subject to suit under § 1983. *Cage v. Kent Cnty. Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"); *Butler v. Madison Cnty. Jail*, 109 S.W.3d 360, 369 (Tenn. Ct. App. 2002) (providing that as "the Madison County Jail is a department of the county, Madison County would have been the proper Defendant" (citing *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir.1994)).

Moreover, even if the Court liberally construes Plaintiff's complaint as against Hamblen County (which is an entity subject to suit under § 1983 and the municipality responsible for the Hamblen County Jail), this municipality may be liable under § 1983 only where "execution of [its] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury[.]" *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Nothing in the complaint plausibly alleges that the alleged lack of medical care leading to Plaintiff's son's death was due to a custom or policy of Hamblen County. As such, this action will not proceed against this municipality.

Additionally, the complaint is wholly conclusory and does not contain any facts that would allow the Court to plausibly infer that any individual or entity violated Plaintiff's

son's constitutional rights. *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Accordingly, this action will be **DISMISSED** for failure to state a claim upon which relief may be granted under § 1983.

## IV. CONCLUSION

For the reasons set forth above:

1. The motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust accounts is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this memorandum opinion and order and the accompanying judgment order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. The motion to appoint counsel [Doc. 3] is **DENIED**;

6. Even liberally construing the complaint in Plaintiff's favor, it fails to state a claim upon which relief may be granted under § 1983;

7. Accordingly, this action will be **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

8. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

An appropriate judgment order will enter.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE